■ Todd Chemical Company, Inc., Respondent, v. Theodore Di Stefano et al., Appellants.— In a consolidated action to enjoin defendants from violating certain restrictive covenants in a contract of employment and for damages, defendants appeal from a judgment of the Supreme Court, Nassau County, dated August 9, 1967, granting an injunction against them and directing that damages be assessed. Judgment modified, on the law and the facts, by deleting subdivisions (b) and (c) of the first decretal paragraph thereof. As so modified, judgment affirmed, without costs. In our opinion, the covenant prescribing restrictions on defendants for a period of 10 years exceeded the degreee of protection reasonably necessary for the business of the plaintiff and, conse-quently, was unenforcible (cf. *Clark Paper & Mfg. Co.* v. *Stenacher,* 236 N. Y. 312; *Paramount Pad Co.* v. *Baumrind,* 4 N Y 2d 393; *Carpenter & Hughes* v. *De Joseph,* 13 A D 2d 611, affd. 10 N Y 2d 925). Moreover, the restriction imposed by the judgment in subdivisions (b) and (c) of its first decretal paragraph was without term, thus measured neither by the bargain between the parties nor by the reasonable limits which the law recognizes. Brennan, Acting P. J., Rabin and Hopkins, JJ., concur; Martuscello, J., dissents and votes to affirm the judgment in its entirety, with the following memorandum, in which Benjamin, J., concurs: Plaintiff and defendant Goldberg entered into a contract which contained, *inter alia,* the following provisions: " Whereas, the Company has developed highly valuable secret customers' lists for the purchase and reorder of the Company's products, which lists were developed as a result of the

Company's expenditure of considerable time, energy and expense • • •
4. At all times, during the term of the employment of the Salesman, and at all times within ten (10) years after the termination of the Salesman's employment, the Salesman shall not, directly or indirectly, divulge any of the trade secrets, techniques, special information employed by the Company and which came to his knowledge in the course of his employment, nor divulge any of the names or addresses of the customers of the Company, the Salesman acknowledging that a violation of any of the foregoing could vitally impair, impede and destroy the business of the Company. 5. The Salesman agrees he will not, directly or indirectly, alone or in conjunction with others or as partner, stockholder or individual or in any other capacity engage in or be employed by any business similar to the business of the Company, for a period of one (1) year following the termination of his employment throughout the United States, except for the States of Alaska, Hawaii, Nevada, Utah and Wyoming." On the basis of the proof the court below found that defendant Goldberg violated the above conditions after he left plaintiff's employ by turning over customer lists to the defendant corporation. Since the list was a trade secret, plaintiff is entitled to have it protected by the terms of the agreement between plaintiff and defendant Goldberg. Since we are dealing with a trade secret, the 10-year prohibition is not unreasonable in view of the difficulty in obtaining such lists as established in the court below. I therefore conclude that we should affirm the granting of the injunction (*Town & Country House & Home Serv.* v. *Newbery,* 3 N Y 2d 554; *Bates Chevrolet Corp.* v. *Haven Chevrolet,* 13 A D 2d 27).